**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-22684-Civ-BECERRA/TORRES**

LEX BARKER, an individual, ISS AVIATION
INC. (U.S.), a Wyoming corporation, and
INSTANT SECURITY SERVICE INC. (DE),
a Delaware corporation,

       *Plaintiffs,*

v.

CHEDDI JAGAN INTERNATIONAL AIRPORT
CORPORATION, a foreign corporation, THE
COOPERATIVE REPUBLIC OF GUYANA,
a foreign government, RAMESH GHIR, an
individual, JOHN DOE 1, an individual, and
JOHN DOE 2, an individual,

       *Defendants.*

                             /

***ORDER ON KHAMRAJ LALL'S MOTION TO INTERVENE***

This matter is before the Court upon Khamraj Lall's ("Lall") Motion to Intervene for Protective Relief, to Enforce Prior Dismissal, and to Preclude Relitigation of Settled Issues [D.E. 15].  The Plaintiffs have responded to the Motion [D.E. 25], to which the Movant has replied [D.E. 28].  The Motion, therefore, is ripe for disposition. After review of the briefing, record, and relevant authorities, and for the reasons set forth below, the Movant's Motion is **DENIED**.[1]

---

[1] On November 11, 2025, the Honorable Jacqueline Becerra referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 43]

1.      Lall seeks to intervene to protect his "legal and reputational interests" that may arise in this case. Lall claims that he is reputationally harmed because he has been accused of engaging in "serious criminal activity, corruption, and conduct." [D.E. 15 at 2]. Despite his current confinement in prison following conviction for drug smuggling following a guilty plea, Lall maintains his innocence in this Motion and claims he only pled guilty due to ineffective counsel. *Id.* He argues that he is sure that his convictions will be overturned upon completion of pending appeals. *Id.* As it stands, Lall remains a convicted drug trafficker, and it is therefore unconvincing that Lall's accusation that he engaged in that very behavior will result in increased reputational damage any more than his federal conviction.

2.      Lall relies on Rule 24 of the Federal Rules of Civil Procedure as the legal basis for his claim.

3.      Rule 24(a)(2) permits intervention when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

4.      Rule 24(b)(1)(B) allows intervention when the proposed intervenor, upon timely motion, shows he "has a claim or defense that shares with the main action a common question of law or fact." *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir.1983) ("A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to

intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion")).

5.      Lall has not identified any property or transaction that is the subject of the action pursuant to Rule 24(a)(2). Lall has also failed to identify a claim or defense that he shares with the main action as a question of law or fact pursuant to Rule 24(b)(2). Lall's Motion to intervene therefore must be **DENIED** as well as his ancillary claims to (1) enforce the Florida state court's dismissal on forum non coveniens grounds, (2) strike or seal allegedly defamatory allegations against Lall, (3) issue a protective order or declaratory finding precluding relitigation or the claims underlying the state law claims.

## II.   CONCLUSION

For the reasons set forth above, Lall's Motion to Intervene [D.E. 15] is **DENIED**. Lall may not intervene in this action and no relief is entered on his contemporaneous motion for dismissal or preclude relitigation.

**DONE and ORDERED** in Chambers in Miami, Florida this 16th day of March, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge